# HARVEY M. THOMPSON

*v.*

# EDWARD G. MASON *et al.*

1. WILL—*construction.* Where a man provided in his will that his estate should not be divided until his youngest child arrived at the age of twenty-one years, and after paying taxes, repairs, etc., from the net income, required his executors "to pay one-third thereof to my wife till the majority of my youngest child, which one-third is to be for her dower in my estate," the balance of such income to be divided equally among his children until the youngest became twenty-one years of age: *Held,* that this provision was given for and in lieu of the dower of the widow in the personal estate, and that it ceased at the death of the widow; that it was not a bequest that was to run till the youngest child became twenty-one years of age, if she should die before that time.

2. SAME. Where the will contained this clause, "at the majority of the youngest child—and by majority I mean the age of twenty-one years, and not before—my estate is to be divided into eight equal parts. One undivided eighth I give and bequeath to my wife, Mary E. Starkweather, to have and to hold to her, her heirs and assigns forever, provided she then elects to receive the same in lieu of dower in my estate; provided, however, that my wife is not required to elect whether she will accept the eighth under this will in lieu of dower until the time for partition of my estate under this, my will," and the widow elected to take under the will, within the time prescribed by the statute, and made her will affirming the election, and disposing of the property she had taken under her husband's will: *Held,* that she, by electing to take under the will, became invested with the absolute title to the eighth part bequeathed to her; that the devise was not on the condition that she should elect at, and not before, the time for the partition. By the will, she had until that time to make her election.

APPEAL from the Circuit Court of Cook county.

This was an amicable suit commenced by bill, brought by Edward G. Mason and George H. Laflin, executors of Charles R. Starkweather, deceased, in the circuit court of Cook county, against Harvey M. Thompson, guardian of Chauncey Clark Starkweather and Frank Henry Starkweather, minors. It is stated in the bill that the estate of the testator, at the time of

his death, in August, 1867, was worth about $200,000, and has doubled in value since that time ; that the net annual income from his estate is $12,000, and the gross income about $22,000.

It is alleged that doubts had arisen as to the construction of two clauses of the will, the executors believing that, by its terms, they were required to pay to the legatees and devisees of his widow, who had made her will and died, the same share in the estate of her husband that she would have been entitled to receive under his will had she still been living ; but the guardian insisted that the annual dividend required to be. paid to her by her husband's will, ceased at her death. And the testator having devised to his widow one-eighth part of his estate if she should elect to receive it when a distribution of his estate was directed to be made by his will, and she having elected before that time to take under the will, and died, it was contended by the guardian that no title or interest to that eighth part of the estate passed to her devisees and legatees, as no title could vest in her until election at the time fixed for division and partition of the estate. There was a provision in the will that, if the widow should elect not to take under the will, the bequest to her was given over to three charitable institutions, and they were represented in the suit and claimed the share devised to the widow.

The object of the bill was to obtain a judicial construction of the will.

The material portions of the will upon which this litigation arises are as follows :

"*Third*—I order and direct that my estate should not be divided until my youngest child becomes of the age of twenty-one years, and that, until such time, the executors herein named shall receive such rents, issues and profits of my estate, and out of the same to pay all taxes, insurance, and expenses of repairing the same, including repairs also, and reasonable compensation also for their services in the management of my estate, and the net income thereof to be divided

14—61ST ILL.

as follows : To pay one-third thereof to my wife till the majority of my youngest child, which one-third is to be for her dower in my estate, the balance of said income to be divided equally among my children, share and share alike, during and until my youngest child shall become twenty-one years of age : *Provided, however,* that should the share going to my two youngest children, Chauncey Clark Starkweather and Frank Henry Starkweather, not realize fourteen hundred dollars ($1400) each during their minority, then I order and direct that during their minority they each receive, out of the net income of my estate, that sum.

"*Fourth*—At the majority of the youngest child—and by majority I mean the age of twenty-one (21) years, and not before—my estate is to be divided into eight equal parts. One undivided eighth I give and bequeath to my wife, Mary E. Starkweather, to have and to hold to her, her heirs and assigns forever, provided she then elects to receive the same in lieu of dower in my estate : *Provided, however,* that my wife is not required to elect whether she will take the eighth under this will in lieu of dower until the time for partition of my estate under this my will. If she does not elect to receive the same in lieu of dower, then her dower is to be assigned to her according to the statute in such cases made and provided, unless my children and legatees otherwise agree with her. To each of my children, Ralph Edward Starkweather, Julia Maria Starkweather, Charles Huntington Starkweather, Chauncey Clark Starkweather and Frank Henry Starkweather, I give and devise each an undivided eighth of my estate, to have and to hold to them, their heirs and assigns forever.

"*Seventh*—Should my wife not elect to take the eighth, under this, my will, in lieu of dower, then I give and bequeath an undivided sixteenth of my estate to the American Board of Commissioners for Foreign Missions, to be by them expended for the uses of the said Society. One undivided sixteenth of my estate I give and bequeath to the Presbyterian committee of Home Missions, incorporated by the State of

New York in 1862, to be expended for the appropriate objects of the said Mission. One undivided sixteenth of my said estate I give and bequeath to the trustees of the Presbyterian House, incorporated in 1855 by the legislature of Pennsylvania, to be by them expended for the use of Sabbath schools and for Sabbath school purposes; and an undivided sixteenth of my estate I give and bequeath to my two youngest children, Chauncey Clark Starkweather and Frank Henry Starkweather, to be divided equally between them, and to have and to hold to them, their heirs and assigns forever. This bequest is in addition to what they receive under the previous provision of this, my last will. The legatees in this' clause are not to be entitled to the same, or the income of the same, till my youngest child becomes of age, and the estate is divided as herein provided.

"I give and bequeath to my wife, Mary E. Starkweather, all my household furniture and all my library, wherever the same may be, to have and to hold to her heirs and assigns forever: *Provided, however,* that it is my wish that, at the majority of my youngest child, my library be divided equally among my children.

"Nothing in this will contained shall be construed as entitling any of the benevolent institutions to whom bequests are made to any part of the income of my estate prior to the time of the division of the same, according to the provisions of this will; all income and profits of the estate, prior to that time, are to go to my wife and children."

Charles R. Starkweather died the next day after the date of his will, the 27th day of August, 1867, and on the 16th day of September, 1867, the will was admitted to probate in the county court of Cook county.

Mrs. Starkweather elected to take under the provisions of her husband's will by two separate instruments in writing filed in the county court, one dated February 23, 1870, and the other July 19, 1870. She made her will on the same day

with the date of the last of the above named instruments, and died October 4th, 1870. Her will was admitted to probate November 15th, 1870, and contains the following clauses bearing upon the questions before the court :

"Under and by virtue of the last will and testament of my deceased husband, Charles R. Starkweather, I am entitled to receive from his executors the one-third part of the net annual income of his estate until such time as his youngest child shall attain his majority. In case of my decease before such time it is my will, and I direct, that my executors collect and receive from the executors of my said husband my share, namely, the one-third part of the said annual income, as and whenever the same or any part thereof may be due and payable by them, and for such time as under the said will of my said deceased husband the same shall be payable ; and that as soon as conveniently may be, after the said income or any installment thereof shall be received by my executors, the same shall be divided among all my children now living, share and share alike, and upon their several and respective receipts, paid over to them respectively.

"Under and by virtue of the said last will and testament of my deceased husband, I am entitled, on the final division of his estate, when his youngest son shall attain the age of twenty-one (21) years, to receive the one-eighth ($\frac{1}{8}$) part of his said estate as my own absolutely, if I elect to receive and accept the same in lieu of dower. I have heretofore, by an instrument in writing, elected to accept the provisions of his will in lieu of my dower in his estate, which election I hereby affirm. And in case of my decease before the said final partition and division of his estate, it is my will, and I hereby direct, that the following disposition be made of my interest of the one-eighth ($\frac{1}{8}$) part aforesaid of his estate, to wit, as follows: (making divers bequests of sums of money,) which said foregoing legacies are to be paid out of my said interest of one-eighth ($\frac{1}{8}$) in the estate of my said deceased husband,

without interest, but as soon as may be after the final division of his estate, as provided in his last will and testament aforesaid.

"To my son, Charles Huntington Starkweather, I give and bequeath the sum of one thousand dollars ($1000), which I direct my executors to pay, in one year from my decease, out of the share payable to me of the income of the estate of my deceased husband, as hereinbefore mentioned. And it is my design that this shall represent to him a wedding gift from me, in case of his marriage.

"Finally, all the rest and residue of my estate, wherever situated, and from whatsoever source derived, it is my will, and I hereby direct, to be divided equally between all my children now living, share and share alike."

The executors of Charles R. Starkweather duly received Mrs. Starkweather's papers expressing her intention to take under her husband's will, and she received from them one-third of the net income of his estate down to September 16th, 1870.

His youngest child is living, and was only eighteen years of age July 13, 1871.

The court below, on a hearing, rendered a *pro forma* decree, holding that the devisees of the widow took one-eighth of the estate of her husband, and were entitled to one-third of the net income from her husband's estate, as she would have been had she lived until the youngest child became twenty-one years of age. The guardian and others prayed and perfected an appeal to this court.

Messrs. SCAMMON, McCAGG & FULLER, for the appellants.

Mr. EDWARD S. ISHAM, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

There are two questions presented for our determination as arising under the will of Charles R. Starkweather, the first

and the main one being whether the one-eighth interest in the estate became a vested interest in Mrs. Starkweather, so that she made a valid disposition thereof by her will.

It is insisted on the part of the appellants, they being the two youngest children, and the three charitable institutions to whom the one-eighth of the estate given to Mrs. Starkweather was devised over by the seventh clause of the will in case she should not elect to take the same in lieu of dower, that the election she did make was prematurely made and therefore void, so that no interest vested in her, and the devise over to them took effect.

The testator devised to his wife one-eighth of his estate, "provided she then (that is when the youngest child attains twenty-one years of age) elects to receive the same in lieu of dower in my estate;" and it is contended that this was a devise upon a condition *precedent* not only that she should elect, but that she should elect at the specified time, to take it in lieu of dower; that a condition precedent must take place before an estate can vest; that it must be strictly performed, and that the election here could be made only at the time fixed by the testator, that is, when the youngest child attained his majority.

The point of difference that here arises is, whether it was the intention of the testator to make it a condition precedent to the vesting of this estate, that the election to take it in lieu of dower should be made at, and not before, this particular time.

The testator, having in view the protection of his wife's interest, and to guard against an indiscreet election, might have made it a condition precedent that she should not exercise her right of election before a specified time. But the will discloses no such motive on the part of the testator. The great purpose of the will was, as appears, to keep the property together under the management of the executors, they paying over the rents and profits to the wife and children until the youngest child became of age, when the property was to be

divided and the devisees take their respective shares. So far as concerned this purpose, the election to take under the provisions of the will, in lieu of dower, might as well be made before as at that particular time.

To make it a condition precedent to the vesting of the estate that this election should be made at, and not before; the time in question, would not appear to subserve any purpose of the will, or to accord with any expressed intent of the testator.

The words in the fourth clause of the will giving the eighth of the estate to Mrs. Starkweather, "provided she *then* elects to receive the same in lieu of dower," lend some countenance to the idea of a condition precedent, but it is removed by the immediately succeeding proviso in the same sentence: "provided, however, that my wife is not required to elect whether she will take the eighth under this will in lieu of dower, until the time for partition of my estate under this my will."

This language clearly implies that she may elect before that time, although she can not be compelled so to do; for, why provide that she should not be required to elect before that time if she had no right to elect until that time arrived?

Under the statute the widow must make her election within one year after the probate of the will, whether she will take a devise under it or take her dower. Taking the whole clause together, its apparent meaning is that the widow may elect, at any time prior to the time for the final division of the estate, to accept the provisions of the will in lieu of dower, but shall not be required to do so, and that her election can not be postponed beyond that time. She must then elect, if she has not before elected ; the election must be made by that time. For which there is good reason, as the time having come for the distribution of the estate, it would be important to know whether it was to be disencumbered of dower or not. But no reason is perceived why the widow might not exercise her right of election as well before as at that particular time, and any such condition of the devise, that the exercise of such

216      THOMPSON *v.* MASON *et al.*      [Sept. T.,

Opinion of the Court.

right could not take place before, but only at that time, would seem to be a merely arbitrary and frivolous one, the making of which should not be imputed to the testator in the absence of a clearly expressed intention to that effect.

We must adopt the contrary construction from that of the appellants, and hold that the election by Mrs. Starkweather, although made prior to the coming of age of the youngest child, to accept the provisions of the will in lieu of dower, was valid, and the eighth of her husband's estate consequently vested in her and passed by her will to the legatees named therein.

The other question presented for determination is, whether Mrs. Starkweather's right to one-third of the income of the estate determined with her life, or was she the absolute owner of such one-third until the majority of the youngest child, so that she had the power to dispose of it by will.

The paramount purpose in this will was, that the estate of the testator should be kept intact until the youngest child became of age. Even should his wife prefer to take her dower, the wish of the testator is apparent that the entirety of his estate should not be broken in upon by any assignment of dower before the arrival of the time he had fixed upon for its division, as the fourth clause contemplates that as the time when dower should be assigned, if at all.

In furtherance of this leading purpose of the testator, as would seem, he directed that his wife should not be required to elect between the provisions of the will and dower until the time for the division of the estate, and in the meantime, to remove all inducement to ask for the assignment of dower, he places her in as favorable a situation as if her dower were actually assigned to her, by giving her one-third of the net income of his estate. The direction in the third clause is, "to pay one-third thereof (the net income of the estate) to my wife till the majority of my youngest child, which one-third is to be for her dower in my estate." It is to be marked that the testator does not stop with the words "to pay one-third

thereof to my wife till the majority of my youngest child," but adds, "which one-third is to be for her dower in my estate."

The death of the wife before the majority of the youngest child was an event evidently not in the contemplation of the testator. This one-third of the net income seems to have been a temporary provision for the widow, designed to stand for and take the place of dower, for the time limited. It is expressed to be, "for her dower in my estate." It is the measure of dower in extent of interest. Dower imports a life estate, and we regard the true construction to be that this was in the nature of a dower estate with its incident of duration; and as her dower estate would have determined with her life, so this right to one-third of the income of the estate terminated at that time.

To this view, as respects dower, the appellant's counsel oppose the objection that the word dower includes, under our statute, one-third of the personal estate forever, after the payment of debts, and therefore the term should not be taken to import a life estate any more than an absolute one.

We are not aware of any legal sanction for giving such scope to the term dower, save in the act to amend "An act concerning wills," passed in 1847. It is there declared, "The word 'dower,' as used in the 46th section of the 109th chapter of the Revised Statutes, entitled 'Wills,' shall be construed to include a saving to the widows of persons dying intestate, of one-third of the personal estate forever, after the payment of debts." But even this definition would not include any personalty here, as it is not a case of intestacy.

We have no doubt the testator, in his use of the term, meant dower proper, and it is in that sense we have considered it.

The court below made a *pro forma* decree which, upon the first question, accords with the views we have expressed; but upon the second question it adjudged that Mrs. Starkweather had an absolute and vested interest in one-third of the net income of the estate until the youngest child arrived at the

age of twenty-one years, and that she made a valid disposition thereof by her will; as respects which last question, the decree is held to be erroneous, for which reason it is reversed in that respect, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*